UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ANDREW LOVE,

    Petitioner,

v.                                           Case No. 03-70763

SHERRY BURT,                        HONORABLE AVERN COHN

    Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

        This is a habeas case which has long since closed.  In 2003, Petitioner Allen Andrew Love filed a pro se petition claiming he was incarcerated in violation of his constitutional rights.  He specifically claimed that (1) the trial judge should have disqualified himself, (2) trial and appellate counsel were ineffective, and (3) the prosecutor committed misconduct.  The Court denied the petition on the grounds the claims were procedurally defaulted and Petitioner failed to overcome his default.  See Opinion and Order Denying Petition for Writ of Habeas Corpus, filed April 13, 2004.

        Before the Court is Petitioner's motion for relief from judgement under Fed. R. Civ. P. 60(b).[1]  For the reasons that follow, the motion is DENIED.

II.

        A jury convicted Petitioner of armed robbery.  On July 23, 1997, Petitioner was

---

[1] Also before the Court is Petitioner's motion for leave to proceed in forma pauperis requesting that the filing fee be waived.  Because there is no filing fee, the motion is DENIED AS MOOT.

sentenced as an habitual offender to thirty-five to sixty years imprisonment. The state courts affirmed his convictions. See People v. Love, No. 20532, 2002 WL 3342303 (Mich. Ct. App. Apr. 21, 2000); People v. Love, 618 N.W.2d 912 (Mich. 2000). Petitioner filed a motion for relief from judgment in the trial court, which was denied. The state courts denied leave to appeal.

Petitioner then filed a habeas petition which, as noted above, the Court denied. Petitioner sought to appeal. The Court and the Court of Appeals for the Sixth Circuit denied certificates of appealability.

Petitioner then twice moved in the Sixth Circuit for permission to file a second or successive habeas petition. Petitioner first sought to raise a claim of innocence, claiming the State of Michigan did not prove the elements of the offense and there was no evidence at trial establishing that he took the victim's property. The Sixth Circuit denied Petitioner leave to file a second petition. See In re: Allen Love, No. 07-1145 (6th Cir. June 1, 2007). Petitioner then sought to file a successive petition presenting a claim of ineffective assistance of appellate counsel. The Sixth Circuit again denied Petitioner permission to file a second petition. See In re: Allen Love, No. 07-2339 (6th Cir. Apr. 28, 2008).

On December 11, 2009, over five years after the Court denied him habeas relief, Petitioner filed the instant motion.

III.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order,

or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c).

IV.

As an initial matter, Petitioner's motion was filed over five years after the Court denied his petition. This is not within a reasonable time.

Assuming that the Petitioner's motion was timely, Petitioner has not met the standard for granting relief from judgment. Petitioner's motion appears to be based on a claim that the prosecutor withheld evidence from the magistrate when requesting a warrant. To the extent Petitioner says this was a fraud, his claim fails. In order to succeed, Petitioner must show the following: (1) conduct by an officer of the court (2) that is directed towards the judicial machinery itself, (3) that is intentionally false, wilfully blind to the truth or is in reckless disregard for the truth, (4) that is a positive averment or concealment when one is under a duty to disclose and (5) that deceives the court. Workman v. Bell, 484 F.3d 837, 840 n. 1 (6th Cir. 2007). "Independent actions must . . . be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998) (quoting Hazel-Atlas Glass

<u>Co. v. Hartford-Empire Co.</u>, 322 U.S. 238 (1944).  <u>See also</u> <u>Charter Tp. of Muskegon v. City of Muskegon</u>, 303 F.3d 755, 760 (6th Cir. 2002).  Petitioner's bare assertion that the prosecutor withheld evidence does not rise to the level of a fraud.  Moreover, Petitioner already unsuccessfully raised a claim of prosecutorial misconduct.  He does not explain his failure to include this allegation of prosecutorial misconduct at the time he filed his § 2254 petition.  Petitioner cannot use Rule 60(b) to circumvent the requirements of a § 2254 petition.

    SO ORDERED.


Dated:  January 4, 2010           s/ Avern Cohn
                           AVERN COHN
                           UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Allen Love 139864, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201 and  the attorneys of record on this date, January 4, 2010, by electronic and/or ordinary mail.

                             s/ Julie Owens
                            Case Manager, (313) 234-5160