UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ANDREW LOVE,

        Petitioner,                      Case Number: 03-CV-70763

v.                                            HONORABLE AVERN COHN

SHERRY BURT,

        Respondent.
_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALBILITY

I.

This is a habeas case under 28 U.S.C. § 2254 which has long since closed. In 2003, Petitioner Allen Andrew Love filed a pro se petition claiming he was incarcerated in violation of his constitutional rights. He specifically claimed that (1) the trial judge should have disqualified himself, (2) trial and appellate counsel were ineffective, and (3) the prosecutor committed misconduct. The Court denied the petition on the grounds the claims were procedurally defaulted and Petitioner failed to overcome his default. See Opinion and Order Denying Petition for Writ of Habeas Corpus, filed April 13, 2004. This Court and the Court of Appeals for the Sixth Circuit denied certificates of appealability. Petitioner then twice moved in the Sixth Circuit for permission to file a second or successive habeas petition. Both requests were denied. See In re: Allen Love, No. 07-1145 (6th Cir. June 1, 2007); In re: Allen Love, No. 07-2339 (6th Cir. Apr. 28, 2008).

On December 11, 2009, over five years after the Court denied him habeas relief, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b). The Court

denied the motion. See Order filed January 4, 2010.

On February 9, 2010, Petitioner filed another paper styled Motion for Relief from Judgment under Rule 60(b). Because the February filing was identical to Petitioner's December filing, the Court denied the motion as moot. See Order filed February 23, 2010.

Before the Court is Petitioner's motion for a certificate of appealability, seeking to appeal the Court's denial of his Rule 60(b) motion.[1] For the reasons that follow, the motion will be denied.

II.

Before Petitioner can appeal the Court's decision denying his motion under Rule 60(b), a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

---

[1] Petitioner filed a notice of appeal as to the Court's February 23, 2010 order, not the Court's January 4, 2010 order.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

### III.

Having carefully reviewed the file, for all the reasons stated in the January 4, 2010 order, reasonable jurists would not debate whether Petitioner's Rule 60(b) motion deserves to proceed further or that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.

Dated: March 9, 2010                  S/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to Allen Love, 139864, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201 and the attorneys of record on this date, March 9, 2010, by electronic and/or ordinary mail.

                                      S/Julie Owens
                                      Case Manager, (313) 234-5160